UNITED STATES DISTRICT COURT
DISTRICT OF MAINE

| | |
|---|---|
| KATHERINE RICHARDSON, )<br>)<br>Plaintiff, )<br>)<br>v.    )<br>)<br>FRIENDLY ICE CREAM CORP. & )<br>ESIS, INC., )<br>)<br>Defendants. ) | Docket no. 2:07-cv-216-GZS |

**ORDER ON MOTION FOR LEAVE TO FILE LATE RESPONSE &
MOTION TO QUASH**

Before the Court is Defendant's Motion for Leave to File Late Response to Plaintiff's Motion to Quash Subpoena (Docket # 16). The Court hereby GRANTS this Motion for Leave to File (Docket # 16).

As a result of this ruling, the Court revisits its earlier decision to endorse Plaintiff's Motion to Quash as "GRANTED WITHOUT OBJECTION" and hereby STRIKES that ruling (Docket # 15) from the record. Having now considered the arguments presented in Defendant's Response as well as the correspondence between counsel attached as Exhibit B, the Court finds that the Motion to Quash was filed prematurely and before Plaintiff had complied with the requirements set out in Local Rule 26(b). Therefore, the Plaintiff's Motion (Docket #s 13 & 14) is hereby DENIED WITHOUT PREJUDICE and Plaintiff's counsel is hereby ORDERED to comply with all of the requirements of Local Rule 26(b), including conferring with the opposing party in

good faith via either telephone or in-person meeting.[1] To the extent that such a good faith effort does not entirely resolve this discovery dispute, Plaintiff's counsel shall seek a hearing and approval of a judicial officer before filing any renewed motion to quash.

To the extent that the disputed subpoena set a deadline of April 9, 2008 for compliance, the Court hereby SUSPENDS that deadline and instructs Wal-Mart that they need not comply with the subpoena at this time. After counsel confer in accordance with this Order and Local Rule 26(b) (and unless counsel agree to not move forward with the current subpoena), the parties shall set a new reasonable deadline for compliance that reflects their agreement or the need to seek further guidance from the Court.

To the extent Defendant has requested an award of fees and expenses in its Opposition to the Motion to Quash, that request is DENIED. Each party shall bear its own costs in connection with the motion practice disposed of via this Order.

SO ORDERED.

/s/ George Z. Singal
Chief U.S. District Judge

Dated this 9th day of April, 2008.

---

[1] In this case the emails attached as Exhibit B show that the exchange of email and voicemail between counsel has not proven to be a productive mechanism for conferring regarding this subpoena.